ARTHUR E. WILSON *vs.* GEORGE A. SMITH & others.

Middlesex.    January 22, 1926. — May 27, 1926.

Present: PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Equity Jurisdiction*, To enjoin unlawful interference, To reach and apply equitable assets, To relieve from fraud.

The following facts in substance were averred in a bill in equity against two defendants: The first defendant owned certain land with a dwelling house thereon which he conveyed to the second defendant, who in consideration thereof orally agreed to maintain the first defendant and give

him the use of certain rooms. The second defendant gave to the first defendant a mortgage to secure the performance of the agreement. The first defendant later executed a discharge of the mortgage and placed it in the hands of the plaintiff with instructions in writing that the discharge should be recorded after the first defendant's death so that the second defendant could have a clear title. The first defendant afterwards orally interpreted the written instructions to mean that the discharge might be recorded when it became necessary for the plaintiff to do so in order to finance his operations of the property. The second defendant gave the plaintiff a power of attorney containing a clause that it should continue in force until revoked by an instrument in writing recorded in the registry of deeds. By it the plaintiff was given power to divide the land into house lots, to erect buildings thereon, and to sell them, the plaintiff and the second defendant to share the profits equally. Thereafter the plaintiff, in financing his transactions, recorded the discharge of the mortgage of the second defendant to the first defendant. He sustained losses on transactions as to two lots. The second defendant then revoked the power of attorney to the plaintiff and reconveyed the remaining land to the first defendant. The plaintiff averred that the first defendant knew of the plaintiff's transactions and outlays and that he had induced the second defendant to revoke the power of attorney and to reconvey to the first defendant with intent to defraud the plaintiff. The first defendant demurred. *Held*, that the bill disclosed no ground for relief in equity against the first defendant.

BILL IN EQUITY, filed in the Superior Court on November 17, 1924, and afterwards amended. The averments of the amended bill are stated in the opinion.

The defendant Baxter demurred on the ground that the bill as amended was multifarious, that it appeared therefrom that the plaintiff had an adequate and complete remedy at law, and that no ground for relief in equity was set forth.

The demurrer was heard by *Morton*, J., by whose order there were entered an interlocutory decree sustaining the demurrer and a final decree dismissing the bill as to the defendant Baxter. The plaintiff appealed.

*E. C. Upton*, for the plaintiff.

*C. E. Haywood*, (*C. P. Hanlon* with him,) for the defendants.

SANDERSON, J. This is an appeal from a decree dismissing a bill in equity after an interlocutory decree sustaining the demurrer of the defendant Baxter.

In 1917, Baxter owned about an acre of land with a dwelling house thereon in Malden, subject to a mortgage for

$3,500. An oral agreement was made between him and the defendants Smith, who occupied the premises, that, in consideration of a warranty deed of the property to be given them, they were to provide for his maintenance and give him the use of certain rooms in the house during his life whenever he should reside in Malden. The deed from Baxter to the defendants Smith was dated July 2, 1919, and on July 28, 1919, they gave Baxter a mortgage in the sum of $3,300 to secure the performance of the above mentioned oral agreement. On or about December 11, 1919, Baxter executed a discharge of this mortgage and a quitclaim deed from himself to the defendants Smith, and put them in the hands of the plaintiff with written instructions that these papers be recorded upon Baxter's death so that the defendants Smith should then have a clear title. So far as appears there was nothing else in writing relating to the property given by Baxter.

On October 15, 1921, the defendants Smith executed a power of attorney to the plaintiff authorizing him to divide the real estate above referred to into house lots, to erect buildings thereon, and to develop it as he, in his judgment, deemed best; and to mortgage, sell and convey the same with full covenants of warranty or otherwise and upon such terms and to such persons as he might deem expedient either in whole or in part, giving him authority to execute and deliver deeds, mortgages, contracts, or other instruments in writing which might be necessary or proper, and with full power to use the proceeds of any sale or mortgage of any part of said property in the payment of taxes, mortgage interest, or indebtedness arising from the development or the building upon the property. The power, by its terms, was to continue until it should be revoked by an instrument of revocation recorded in the registry of deeds for the county of Middlesex. It appears from the bill that this power was revoked by an instrument made and recorded as therein provided, but the date of such revocation is not stated. The plaintiff's contention that it could not be revoked because it was a power coupled with an interest is untenable because of the express provision for revocation in the instrument.

At the time of the execution of the power of attorney, the plaintiff agreed with the defendants Smith that he would finance the construction of houses on this land, and in pursuance of the agreement completed a building and placed a mortgage thereon for $5,000; when he recorded this mortgage he also recorded the discharge of the mortgage from Baxter to the Smiths which had been given to him. The building and the lot on which it stood were sold at a price resulting in a loss to the plaintiff of over $3,000. He also constructed a second house on the land in connection with which he apparently sustained a further loss. The bill alleges that the plaintiff and the defendants Smith were to share the profits equally. The defendants Smith conveyed to Baxter the real estate remaining after the sale of two lots with the houses thereon.

The plaintiff is seeking to recover for his losses and services, to have the power of attorney restored, to have the land reconveyed to the Smiths, and to be permitted to continue to construct houses on the land and sell them.

In this case we are dealing only with the demurrer of the defendant Baxter. The prayers relating to him are: that he be ordered to reconvey the premises to the defendants Smith; that he be ordered from time to time to execute all deeds, releases and instruments necessary to enable the plaintiff and the defendants Smith to carry out the development of the premises under the plaintiff's direction; that he be ordered to refrain from interfering with the plaintiff in development of the premises according to the intent and purpose of the power of attorney; and that the premises be charged with the amount found due the plaintiff for advances, expenditures and services.

The facts upon which the plaintiff seeks equitable relief against the defendant Baxter are: (1) that the plaintiff had agreed to finance the construction of houses on the land belonging to the defendants Smith; (2) that Baxter knew that he was putting up the buildings and consented to it; (3) that Baxter wrongfully interfered with the plaintiff's vested and contractual rights and with intent to defraud him and deprive him of the lien held by him, induced and

persuaded the defendants Smith to revoke in writing the power of attorney and under the guise of a pretended restoration of the mortgage to Baxter, persuaded the defendants Smith, without the knowledge of the plaintiff and without consideration, to execute to Baxter ·a deed of the premises remaining after the conveyance of the first and second houses; (4) that in October, 1921, when the defendants Smith gave the power of attorney, Baxter orally instructed the plaintiff as to the discharge of mortgage and "interpreted it to the effect that when and if it became necessary to mortgage parts of the land for the erection of buildings, or to execute deeds for sale, to record said discharge"; (5) that Baxter refuses to reconvey the land to the defendants Smith and take back a second mortgage with proper partial release clause to enable the plaintiff to recover his losses and get compensation for his services performed and to be performed; and (6) that Baxter knew when he induced the defendants Smith to convey the land to him that the Smiths would have nothing with which to answer any judgment which the plaintiff might recover against them in an action at law.

From the foregoing it sufficiently appears that the plaintiff has stated no ground upon which suit can be maintained against the ·defendant Baxter. He violated no duty to the plaintiff in persuading the defendants Smith to revoke. the power of attorney and reconvey the land to him. There is no liability of the Smiths stated which could be the foundation of a bill to reach and apply, nor any ground upon which the plaintiff has a right to order Baxter to reconvey.

*Interlocutory and final decrees affirmed.*